TOMPKINS H. WHEELER v. EDWIN W. WALLACE.

*Trover for property sold on execution—Consolidated causes of action—
Res judicata—Surplus after execution sale.*

1. Successive conversions by unlawful sales on execution need not be consolidated in one action based on the original levy, but may be sued for separately.

2. Where the same transaction is involved in two cases the mere verdict of the jury in one of them cannot be shown in the other for the purpose of fixing the quality of the transaction. But the record in the former may operate as a bar in the latter.

3. Sales and similar dispositions of property in prejudice of creditors may nevertheless be valid as between the parties thereto; and when the creditor is satisfied by a sale of such property on execution, any surplus belongs to the vendee.

Error to Washtenaw. (Joslyn, J.)   April 9—April 16.

TROVER.   Plaintiff brings error.   Reversed.

*E. D. Kinne* for appellant.   A purchaser at execution sale has no claim against the execution creditor when the execution debtor had no interest in the property sold, or where the sale is void: Rorer on Judicial Sales § 1145 ; Herman on Judicial Sales §§ 214, 412 ; where the writs are satisfied, a sale by the sheriff is void : Rorer on Judicial Sales §§ 890–901 ; *Allen v. Kinyon* 41 Mich. 282 ; *Waterbury v. Westervelt* 9 N. Y. 598 ; *Wilson v. Martin* 44 Mich. 509 ; *Hutchinson v. Dubois* 45 Mich. 143.

*Sawyer & Knowlton* for appellee.   The judgment of a court of competent jurisdiction upon a particular matter, fact or point, once litigated and determined, is conclusive between the parties or their privies : *Wales v. Lyon* 2 Mich. 282 ; *Jacobson v. Miller* 41 Mich. 235 ; 1 Greenl. Ev. § 534 ; *Glass v. Nichols* 35 Me. 328 ; *Lynch v. Swanton* 53 Me. 100 ; where the objects of the actions are different, though the point in dispute is the same in both, the prior judgment is no bar to the subsequent action, but the verdict is matter of evidence to prove such point : Bigelow on Estoppel 37 ; 2 Phil. Ev. § 18 (Cow. & Hill) 261 ;

*Betts v. Starr* 5 Conn. 550; *Perkins v. Walker* 19 Vt. 144; as evidence the judgment is simply a judicial admission by the party against whom it stands, and the fact that the admission was made subsequent to the commencement of suit does not render it incompetent: *Coit v. Tracy* 8 Conn. 268; *Marsh v. Pier* 4 Rawle 273; *Burt v. Sternburgh* 4 Cow. 559; *Krekeler v. Ritter* 62 N. Y. 374; 2 Phil. Ev. *37 n. 268; *Hayward v. Clark* 50 Vt. 612.

CAMPBELL, J. This is trover brought for the conversion of wheat seized first as a growing crop and afterwards sold on executions against Harvey M. Wheeler, plaintiff's father, but claimed as belonging to plaintiff. This levy was made in December, 1881. The sale was in August, 1882, and this suit was brought in September, 1882.

These executions which were on several judgments, were levied at the same time on a considerable amount of personal property, which was sold in January, 1882. After defendant had sold enough to make up the full amount of the executions and costs, he went further and sold the remainder, realizing between two and three hundred dollars surplus. All this money he kept in his own custody and neither paid it to creditors nor endorsed it on the writs. After these sales a suit was brought against defendant in trover by plaintiff for the conversion of the property sold. One Dr. Watson also replevied from the purchasers certain of the personal property on which plaintiff had given him a chattel mortgage. While these suits were pending, defendant in August, 1882, sold the wheat in question under the old levy. Thereupon plaintiff brought this suit. While this present suit was pending defendant settled the Watson replevin suits, and paid $500 to the purchasers from whom the articles had been replevied.

On the trial of the present suit, after the testimony was in, and after several rulings had been made adversely to plaintiff, the court finally directed a verdict for defendant on the ground that the former trover suit should have covered this wheat also.

No plea or other notice had been put in relying on any such defense, but in our opinion, if there had been it would

have made no difference. Plaintiff had a right to treat the sale in each case as a conversion, and was not compellable, whether allowable or not to treat the original levy as the one conversion on which he sought to recover. As there could be no very great damage from a mere levy on growing crops, which might never pass to a sale, it was wise to postpone the action until something was done which would fix real and ascertainable damages. We do not think there is any legal principle which requires these separate grievances to be consolidated in one action. The plaintiff had a right to prosecute for the two sales separately, and the case was improperly taken from the jury.

The court also erred in holding that the finding of the jury against plaintiff in the other case fixed the quality of the transaction between plaintiff and his father as void, so as to preclude inquiry into it thereafter. There was nothing on the record to make any such determination conclusive beyond that case itself. No inquiry can be allowed in such a case as this into the opinions of the jury on the parol testimony in another case, for purposes of estoppel. A record may be a bar, because that contains elements which cannot be disputed. But it would be a very dangerous doctrine to allow the verdict of a jury on a controversy involving many facts, to be made evidence in another suit of any of the items of testimony entering into that controversy, and not fixed by the record itself. Here too there was nothing in the pleadings to found such a defense on, if otherwise valid.

The court below seems to have overlooked a principle relating to acts in wrong of creditors which was of considerable importance. While transactions of sale or other arrangements to their prejudice may be bad as to creditors, they are nevertheless valid as between the parties; and when enough property has been raised to satisfy the claims of creditors, any further needless disposition of the balance is not justified, and is a grievance against the vendee, who as to such surplus is the lawful owner. The present record does not enable us to judge ourselves or to know just what the court would have said to the jury as to the right of the defendant to sell the

wheat on the executions, and under what circumstances and to what extent he would be liable.   We therefore confine our suggestions to the distinction between the rights of creditors and those of other persons not defrauded, to avoid dealings which are claimed to have been unlawful as against creditors. We need not on this record consider any of the rulings beyond this.   But the ruling that the finding in the one suit concludes the other involves this particular error as well as the general one before referred to, and seems to call for this consideration.   We pass by the remaining rulings as they may not come up again.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.